UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | No.  2:22-cv-01362-CKD P<br><br><br><br>ORDER |

Plaintiff is a former county inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the Complaint

Plaintiff asserts that members of the public in and around Sacramento County "maliciously stalked and maliciously invaded" his privacy over the last two years. ECF No. 1 at 2. The Federal Bureau of Investigations has also used "disruptive strategies" against plaintiff that negatively impacted his business. ECF No. 1 at 3. Plaintiff further contends that Federal Aviation Administration regulations concerning drones were violated. ECF No. 1. However, plaintiff does not identify any defendant by name in this action. He only identifies defendants as "verified violators of Sacramento County and Surrounding Counties." ECF No. 1 at 1. By way of relief, plaintiff seeks monetary and punitive damages, legislative action, and injunctive relief.

## III. Analysis

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The

court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV.    Motion for Permission to E-File**

On October 3, 2022, plaintiff filed a motion seeking permission to electronically file his pleadings as he lost his car and home and can not bring his filings to court anymore. ECF No. 12.

Local Rule 133(b)(2) requires pro se litigants to receive permission from the judge or

1 magistrate judge assigned to their case before being able to utilize the electronic case
2 management/filing system utilized by the court.  To request an exception from the normal rules
3 requiring paper filings, the pro se party must file "[a] motion[] setting out an explanation of
4 reasons for the exception." Local Rule 133(b)(3).

5      In this case, the court denies plaintiff's motion to utilize the court's e-filing system for
6 lack of good cause shown.  Plaintiff is not required to hand-deliver pleadings to this court.  See
7 Local Rule 133(d)(1).  Therefore, plaintiff's lack of a car is not a sufficient reason to grant him
8 permission to electronically file his documents.  Plaintiff may simply mail any pleading to the
9 Clerk of Court.

10      **V.**    **Plain Language Summary for Pro Se Party**

11      The following information is meant to explain this order in plain English and is not
12 intended as legal advice.

13      The court has reviewed the allegations in your complaint and determined that they do not
14 state any claim against the defendants.  Your complaint is being dismissed, but you are being
15 given the chance to fix the problems identified in this screening order.

16      Although you are not required to do so, you may file an amended complaint within 30
17 days from the date of this order.  If you choose to file an amended complaint, pay particular
18 attention to the legal standards identified in this order which may apply to your claims.

19      In accordance with the above, IT IS HEREBY ORDERED that:
20      1. Plaintiff's complaint is dismissed.
21      2. Plaintiff is granted thirty days from the date of service of this order to file an amended
22         complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
23         of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
24         docket number assigned this case and must be labeled "Amended Complaint"; failure to
25         file an amended complaint in accordance with this order will result in a recommendation
26         that this action be dismissed.
27      3. If plaintiff files an amended complaint, he shall also submit, within thirty days from the
28         date of this order, an affidavit in support of his request to proceed in forma pauperis on the

1. form provided by the Clerk of Court, or the required fees in the amount of $402.00. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

4. Plaintiff's motion for a subpoena (ECF No. 8) is denied as moot based on the dismissal of plaintiff's complaint.

5. Plaintiff's motion for permission to e-file (ECF No. 12) is denied without prejudice.

6. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis.

Dated: October 24, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/john1362.14a.new

5